UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD KHAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PRESLEY, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-03905 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DIRECTING PLAINTIFF TO FILE NON-PRISONER IN FORMA PAUPERIS APPLICATION** |

Plaintiff, a state parolee, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 for unconstitutional acts that took place at the Correctional Training Facility ("CTF"), where he was formerly housed. Dkt. No. 1. Plaintiff's motion for leave to proceed *in forma pauperis* is on the wrong form since he is no longer incarcerated. Dkt. No. 2. Plaintiff shall be provided with a non-prisoner IFP application.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff alleges that on or about October 5, 2020, he was housed in "ZW" at CTF, and released by Defendant Presley for medical appointment. Dkt. No. 1 at 2. Plaintiff states that he told Defendant Presley that he needed some time to get ready because he was mobility impaired. *Id.* After he returned from his appointment, Plaintiff saw that Defendant Presley had trashed his cell, having strewn his property and legal paperwork all over the cell, and did not provide a cell inspection receipt. *Id.* Plaintiff claims Defendant Presley "took reprisals" against him for filing grievances and for taking his time to get ready due to his disability. *Id.* at 3. Plaintiff claims this also amounts to "disability discrimination" and First Amendment violation. *Id.* Plaintiff asked Defendant Presley why he trashed his cell and asked to speak to a supervisor. *Id.* Plaintiff says that Capt. Metcalf, Sgt. R. Glaze, and another unidentified officer witnessed the interaction. *Id.* Defendant Presley then assaulted Plaintiff, causing personal injury and "iied." *Id.* Plaintiff asserts this amounted to "cruel and unusual punishment" under the Eighth Amendment. *Id.*

Plaintiff was taken to a holding cell where a nurse examined him for injuries. *Id.* Plaintiff states that he was not allowed to sit and was denied the use of a bathroom. *Id.* Over an hour later, defendants "took reprisals" by accusing Plaintiff of threatening staff

2

and being an aggressor. *Id.* Lt. Reed and "Does" issued a lock up order and placed Plaintiff in ad-seg. *Id.* Plaintiff asserts this was a "1st amendment reprisals/retaliation." *Id.* Plaintiff claims Defendant Andrade submitted documentation as reprisals to help cover up Defendant Presley's assault. *Id.* Plaintiff claims that during the subsequent ASU retention hearing, he was denied witnesses, documentary evidence, and due process. *Id.* He asserts that Defendant Bojorquez was not impartial, and that Defendant Botello, Freeman, and Metcalf denied him documentary evidence and witnesses. *Id.* Plaintiff seeks damages. *Id.* The allegations in the complaint are deficient to state any cognizable claim.

First, the allegations are insufficient to state a retaliation claim against any Defendant. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff's allegations are insufficient to satisfy all five elements as he fails to provide sufficient facts to establish that any named Defendant acted in retaliation for Plaintiff exercising his First Amendment rights. For example, he merely speculates that it was Defendant Presley who "trashed" his cell and provides no facts to support this conclusory allegation. Furthermore, he fails to explain how he knows Defendant Presley acted because he was aware Plaintiff was filing grievances, without which this accusation is also conclusory. In addition, nowhere does Plaintiff allege that the "because of" factor for the alleged adverse actions by other defendants was because he was exercising his First Amendment rights. Lastly, Plaintiff fails to allege that these adverse actions chilled the exercise of his First Amendment rights and did not reasonably advance a legitimate correctional goal.

Second, Plaintiff's allegations are insufficient to state a claim for excessive force

3

against Defendant Presley.  A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 824, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton, *id.* (citing *Wilson*, 501 U.S. at 297); *LeMaire v. Maass*, 12 F.3d 1444, 1451 (9th Cir. 1993).  Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  Plaintiff states that Defendant Presley "attacked him," but admits that an RVR was issued which accused him of being the aggressor.  He must provide more facts to establish that Defendant Presley used force "maliciously and sadistically to cause harm," rather than in a good-faith effort to maintain or restore discipline.

Lastly, Plaintiff's allegations of due process violations during his ASU retention hearing fails to state a claim.  In *Toussaint v. McCarthy*, the Ninth Circuit held that when prison officials initially determine whether a prisoner is to be segregated for administrative reasons due process requires that they comply with the following procedures: (1) they must hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated,[1] (2) the prisoner must be informed of the charges against him or the reasons segregation is being considered, and (3) the prisoner must be allowed to present his views. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986).[2]  Due process does not require detailed written notice of charges, representation by counsel or counsel-substitute, an opportunity to present witnesses, a written decision describing the reasons for placing

---

[1] While a hearing held within 72 hours of segregation constitutes a "reasonable time," it is unsettled whether due process would tolerate a more lengthy delay.  *See Toussaint*, 801 F.2d at 1100 n.20.

[2] The official charged with deciding to place an inmate in administrative segregation must be the official to whom the inmate presents his views.  *See Toussaint v. McCarthy*, 926 F.2d 800, 803 (9th Cir. 1990), *cert. denied*, 502 U.S. 874 (1991).

4

the prisoner in administrative segregation or disclosure of the identity of any person providing information leading to placement of a prisoner in administrative segregation. *See id.* at 1100-01. *Accord Wilkinson v. Austin*, 545 U.S. 209, 228-29 (2005) (determining that prisoners are constitutionally entitled only to the informal, non-adversary procedures set forth in *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1 (1979), and *Hewitt v. Helms*, 459 U.S. 460 (1983), prior to assignment to "supermax" facility). Plaintiff was not entitled to present witnesses or documentary evidence under *Toussaint*. Therefore, his allegations are insufficient to state a due process claim in connection with the ASU retention hearing.

Plaintiff shall be granted leave to amend to attempt to correct the deficiencies in the above claims. Plaintiff should keep the following principles in mind in preparing an amended complaint. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 24-cv-03905 BLF (PR), and the words "FIRST AMENDED COMPLAINT" on the first

5

page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original complaint, and Plaintiff may not make references to the original. Claims not included in the amended complaint are no longer claims and defendants not named therein are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

    2.    **Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal with prejudice of this action for failure to state a claim for relief.**

    3.    The Clerk shall enclose two copies of the court's form complaint with a copy of this order. The Clerk shall also include a copy of the court's "Application to Proceed In Forma Pauperis (Non-prisoner cases only)" with a copy of this order to Plaintiff. Plaintiff must file the completed IFP form **no later than twenty-eight (28) days** from the date this order is filed. **Failure to file the IFP application in the time provided will result in the dismissal of this action for failure to pay the filing fee**.

**IT IS SO ORDERED.**

Dated:  __December 2, 2024____

                                         BETH LABSON FREEMAN
                                         United States District Judge

Order of Dismissal with Leave to Amend; Directing Pl to file IFP app
PRO-SE\BLF\CR.24\03905Khan_dwlta&IFP