1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10
11

MUHAMMAD KHAN,

Case No. 24-cv-03905 BLF (PR)

12

Plaintiff,

13

v.

14

PRESLEY, et al.,

15

16

Defendants.

**ORDER GRANTING MOTION FOR EXTENSION OF TIME; OF PARTIAL DISMISSAL AND GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT; GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS***

17

(Docket No. 9)

18

Plaintiff, a state parolee, filed the instant civil rights action pursuant to 42 U.S.C. §

19

1983 for unconstitutional acts that took place at the Correctional Training Facility

20

("CTF"), where he was formerly housed.  Dkt. No. 1.  On December 2, 2024, the Court

21

dismissed the complaint with leave to amend and directed Plaintiff to file a non-prisoner

22

IFP application.  Dkt. No. 6.  Plaintiff was directed to file an amended complaint to correct

23

the deficiencies to avoid dismissal with prejudice of this action for failure to state a claim

24

for relief.  *Id.* at 6.  He was granted an extension of time until February 1, 2025.  Dkt. No.

25

8.  On February 13, 2025, Plaintiff filed another motion for extension of time along with

26

the amended complaint and a non-prisoner IFP application.  Dkt. Nos 9-1, 9-2.  Good

27

cause appearing, the motion is GRANTED.  The Court will proceed with a screening of

28

United States District Court
Northern District of California

the amended complaint.

## DISCUSSION

### A.    <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.    <u>Plaintiff's Claims</u>

In dismissing the original complaint, the Court found the allegations were insufficient to state any cognizable claim, specifically for retaliation against any named defendant, excessive force against Defendant Presley, and violation of due process during his retention in administrative segregation. Dkt. No. 6 at 3-5. Plaintiff asserts that the Court did not address his "due process/reprisal claims" against Defendant Borjorquez, the hearing officer. Dkt. No. 9 at 1. However, in its screening order, the Court stated that the allegations were insufficient to state a retaliation claims "against *any* Defendant" or to state a due process claim at all in connection with the ASU retention hearing. Dkt. No. 6 at 3, 5.

In the amended complaint, Plaintiff alleges that on or about October 5, 2020, he was housed in "ZW" at CTF, and released by Defendant Presley for a medical appointment.

United States District Court
Northern District of California

Dkt. No. 9-1 at 2.  Plaintiff states he is mobility impaired and wore such an "identifying vest." *Id.*  He told Defendant Presley that he needed more time.  *Id.*  On his way out, Defendant Presley told Plaintiff that he "took too long, now I have to hit your cell."  *Id.*  After Plaintiff returned from his appointment, in inmate informed Plaintiff that Defendant Presley had gone into Plaintiff's cell.  *Id.*  Plaintiff saw that his cell was "trashed," as his property was all over the place, including his legal paperwork.  *Id.*  He was not provided with a cell inspection receipt.  *Id.*  Plaintiff alleges that A. Andrade was Defendant Presley's partner and participated in this action.  *Id.*  Plaintiff claims defendants trashed his cell because of his disability and taking longer to get ready.  *Id.*

Plaintiff was taken to a holding cell and "denied sitting and using restroom the whole time." *Id.* at 3.  He claims this violated his Eighth Amendment rights and constitutes cruel and unusual punishment.  *Id.*

Plaintiff was placed in adseg and told he was the aggressor.  *Id.*  Plaintiff spent several months in ASU.  *Id.*  Plaintiff claims Defendant Lt. Bojorquez denied him a fair and impartial hearing by denying him witnesses, documentary evidence, and due process.  *Id.*  He claims Defendant Borjorquez was not impartial and retaliated because Plaintiff filed grievances.  *Id.*  He claims this violated his due process rights and amounts to First Amendment retaliation.  *Id.*

Plaintiff claims that around the "first half of 2024," he went to medical at CTC Soledad; he was wearing a mobility impaired vest.  *Id.*  He claims Defendant Presley was the officer at medical, and stated to Plaintiff, "so you're still pretending to be handicapped? This is why I beat your ass and threw you in Adseg."  *Id.*  Plaintiff claims these comments further show that Defendant Presley's motive and intent behind his previous actions.  *Id.*  He claims this was the first time he saw Defendant Presley since the 2020 encounter when he was "beat and put into Administrative Segregation."  *Id.*  Plaintiff seeks "declaratory, punitive, compensatory, equitable, special, nominal, and related relief including injunctive" relief, which includes damages.  *Id.*  The allegations in the amended complaint

United States District Court
Northern District of California

1    are again deficient to state any cognizable claim.

2         First, the allegations are insufficient to state a retaliation claim against any

3    Defendant. "Within the prison context, a viable claim of First Amendment retaliation

4    entails five basic elements: (1) An assertion that a state actor took some adverse action

5    against an inmate (2) because of (3) that prisoner's protected conduct, and that such action

6    (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

7    reasonably advance a legitimate correctional goal." *Rhodes v. Robinson,* 408 F.3d 559,

8    567-68 (9th Cir. 2005) (footnote omitted). Plaintiff's allegations are insufficient to satisfy

9    all five elements to state a retaliation claim. Specifically, he alleges that Defendants

10   Presley and Andrade trashed his cell because of his disability and taking too long to get

11   ready, not because Plaintiff was exercising his First Amendment rights. *See supra* at 3.

12   Plaintiff's allegation that Defendant Borjorquez "retaliated" because Plaintiff filed

13   grievances is also conclusory as there is no allegation that Defendant was aware that

14   Plaintiff filed grievances prior to the adseg hearing such that it can be said that this was the

15   *because of* factor for violating Plaintiff's due process rights. Lastly, Plaintiff again fails to

16   allege that these adverse actions chilled the exercise of his First Amendment rights and did

17   not reasonably advance a legitimate correctional goal. Plaintiff was already afforded one

18   opportunity to amend this retaliation claim, and the Court finds no good cause to grant him

19   another opportunity where the amended complaint fails to correct the deficiencies of the

20   retaliation claim from the original. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th

21   Cir. 2003) (district court's discretion to deny leave to amend particularly broad where

22   plaintiff has previously filed an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258,

23   1261 (9th Cir. 1992). Accordingly, this retaliation claim must be dismissed for failure to

24   state a claim.

25        Second, Plaintiff alleges for the first time that being held in a holding cell where he

26   was "denied sitting and using restroom" the whole time amounts to cruel and unusual

27   punishment under the Eighth Amendment. A prison official violates the Eighth

28
                                          4

Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).  In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation.  The more basic the need, the shorter the time it can be withheld.  *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).  Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim.  *See id.* at 732-733.  Here, Plaintiff's allegations fail to indicate how long he was allegedly deprived of sitting and a restroom for the Court to determine whether he satisfies the objective component of an Eighth Amendment claim.  Furthermore, he does not identify which defendant was responsible for this alleged deprivation to satisfy the second element, *i.e.*, the prison official possesses a sufficiently culpable state of mind.  Accordingly, Plaintiff shall be granted leave to amend to attempt to state an Eighth Amendment claim based on the deprivation of "sitting and a restroom."

Third, Plaintiff's allegations of due process violations by Defendant Borjorquez during his ASU retention hearing again fails to state a claim.  In *Toussaint v. McCarthy*, the Ninth Circuit held that when prison officials initially determine whether a prisoner is to be segregated for administrative reasons due process requires that they comply with the following procedures: (1) they must hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated,[1] (2) the prisoner must be informed of the charges against him or the reasons segregation is being considered, and (3) the prisoner

---

[1] While a hearing held within 72 hours of segregation constitutes a "reasonable time," it is unsettled whether due process would tolerate a more lengthy delay.  *See Toussaint*, 801 F.2d at 1100 n.20.

United States District Court
Northern District of California

must be allowed to present his views. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986).[2]  Due process does not require detailed written notice of charges, representation by counsel or counsel-substitute, an opportunity to present witnesses, a written decision describing the reasons for placing the prisoner in administrative segregation or disclosure of the identity of any person providing information leading to placement of a prisoner in administrative segregation. *See id.* at 1100-01.  *Accord Wilkinson v. Austin*, 545 U.S. 209, 228-29 (2005) (determining that prisoners are constitutionally entitled only to the informal, non-adversary procedures set forth in *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1 (1979), and *Hewitt v. Helms*, 459 U.S. 460 (1983), prior to assignment to "supermax" facility).  As the Court already advised, Plaintiff was not entitled to present witnesses or documentary evidence under *Toussaint*.  *See* Dkt. No. 6 at 5.  Plaintiff has otherwise failed to establish that Defendant Borjorquez was not "impartial."  Therefore, his allegations are again insufficient to state a due process claim against Defendant Borjorquez in connection with the ASU retention hearing.  Plaintiff was already afforded one opportunity to amend this claim, and the Court finds no good cause to grant him another opportunity where the deficiencies of this due process claim remain the same as the original.  *Wagh*, 363 F.3d at 830; *Ferdik*, 963 F.2d at 1261.  Accordingly, this due process claim must be dismissed for failure to state a claim.

Lastly, Plaintiff alludes to Defendant Presley "beat[ing]" him in the amended complaint.  *See supra* at 3.  Plaintiff's original claim of excessive force against Defendant Presley was dismissed with leave to amend to provide more facts to establish that Defendant "used force 'maliciously and sadistically to cause harm'" rather than in a good-faith effort to maintain or restore discipline because Plaintiff admitted that he was issued

---

[2] The official charged with deciding to place an inmate in administrative segregation must be the official to whom the inmate presents his views. *See Toussaint v. McCarthy*, 926 F.2d 800, 803 (9th Cir. 1990), *cert. denied*, 502 U.S. 874 (1991).

United States District Court
Northern District of California

an RVR accusing him of being the aggressor.  Dkt. No. 6 at 4.  Here, Plaintiff again fails to provide sufficient allegations describing the circumstances of Defendant Presley's conduct to establish an excessive force claim against him.  This claim must also be dismissed for failure to state a claim because Plaintiff failed to correct the deficiencies of this claim from the original.  *Wagh*, 363 F.3d at 830; *Ferdik*, 963 F.2d at 1261.

Plaintiff shall be granted leave to amend solely with respect to his Eighth Amendment claim regarding the deprivations he allegedly suffered while in the holding cell.  *See supra* at 5.  Plaintiff should keep the following principles in mind in preparing an amended complaint.  Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *See Leer*, 844 F.2d at 633.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1.      The following claims are **DISMISSED with prejudice** for failure to state a claim for relief: (1) retaliation claim against all named defendants; (2) due process claim against Defendant Borjorquez; and (3) excessive force claim against Defendant Presley. Plaintiff may not raise these claims in the second amended complaint.

2.      The Eighth Amendment claim regarding deprivations while in the holding cell is **DISMISSED with leave to amend**.  Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file a second amended complaint using the court's form complaint to correct the deficiencies discussed above with respect to this claim.  Dkt. No.

4-5.  The second amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 24-cv-03905 BLF (PR), and the words "SECOND AMENDED COMPLAINT" on the first page.  Plaintiff must answer all the questions on the form in order for the action to proceed.  Plaintiff is reminded that the second amended complaint supersedes the original and first amended complaints, and Plaintiff may not refer to them in the second amended complaint.  Claims not included in the second amended complaint are no longer claims and defendants not named therein are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

   3. **Failure to respond in accordance with this order by filing a second amended complaint in the time provided will result in the dismissal with prejudice of this action for failure to state a claim for relief.**

   4. The Clerk shall enclose two copies of the court's form complaint with a copy of this order.

   **IT IS SO ORDERED.**

Dated:  __**May 27, 2025**____

         BETH LABSON FREEMAN
         United States District Judge